**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL DAVIS (#N-68050), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15 C 6670 |
| ) | |
| NICHOLAS LAMB, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In April 2013, Samuel Davis pleaded guilty in Illinois state court to predatory criminal sexual assault. The judge sentenced Davis to thirty-six years in prison. Davis did not appeal his conviction. In March 2014, Davis moved to withdraw his guilty plea and vacate his sentence. The state court dismissed this motion as untimely. Davis also petitioned the state court for post-conviction relief under 725 ILCS 5/122–1. In his petition, Davis argued that his appointed trial counsel had performed inadequately because he did not have Davis's best interests at heart and was instead only interested in getting Davis to plead guilty quickly. Davis also stated that he felt as though he was being "railroaded" because his appointed counsel seemed ambivalent towards him and would not provide a "proper defense," which he said made him feel as though he had no "real option" other than to plead guilty.

The state trial court denied Davis's petition for post-conviction relief, finding that it was frivolous and lacking in merit. First, the court pointed out that Davis's claims should

have been raised in the original proceedings. Second, the court observed that the arguments advanced in Davis's petition directly contradicted statements he made under oath in his change of plea hearing concerning the voluntariness of his plea. Davis appealed the trial court's decision to deny his petition for post-conviction relief. On appeal, he argued only that the appellate court should order the trial court to amend its sentencing order to properly reflect the dates he had spent in custody prior to his sentencing. That appeal is still pending.

Davis has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he received ineffective assistance of counsel, the sentence imposed was invalid, and he should have been permitted to withdraw his guilty plea. He also seeks habeas corpus relief based on his actual innocence. Respondent Lamb argues that all of Davis's claims are defaulted because none of them was submitted for review on direct appeal or on appeal of the state trial court's decision denying post-conviction relief. For the reasons discussed below, the Court denies Davis's petition.

## Discussion

A petitioner is entitled to a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may issue a writ of habeas corpus on a claim that was adjudicated on the merits in state court proceedings only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d); *see also*

*Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). This is a "highly deferential standard for reviewing claims of legal error by the state courts." *Id.*

**A.    Procedural default**

In his response to Davis's petition, Nicholas Lamb, the warden of the prison where Davis is incarcerated, contends that all of Davis's claims are procedurally defaulted. Specifically, Lamb argues that Davis did not assert any of his claims on direct appeal to the Illinois Appellate Court or before the Illinois Supreme Court. Davis does not dispute this. Davis did not submit a reply to Lamb's response, but in his petition he indicated that he did not file a direct appeal of his conviction or sentence. *See* Pet. for Habeas Corpus, dkt. no. 5, at 2. In his brief filed in the Illinois Appellate Court challenging the circuit court's dismissal of his request for post-conviction relief, Davis likewise acknowledged that he never directly appealed his conviction or sentence. *See* dkt. no. 8-5, at 7. Finally, in his petition for post-conviction relief, Davis challenged his appointed counsel's effectiveness and claimed that he felt coerced into pleading guilty, but after his petition was denied, Davis did not raise either of these issues on appeal.

Typically, a federal court must wait to evaluate a habeas corpus petition until the petitioner has fully exhausted his state remedies. *SKS & Assoc., Inc. v. Dart*, 619 F.3d 674, 679 n.4 (7th Cir. 2010) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Because the American judicial system is built upon principles of "equity, comity, and federalism," federal courts must exercise "deference when a state court has already engaged a matter." *Id.* "In Illinois, which has a two-tiered appellate review system, a petitioner must present a claim at each level of the state court system, either on direct

appeal or in post-conviction proceedings." *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013).

Where a petitioner's post-conviction petition is denied by the trial court, the petitioner may appeal that decision to a state appellate court. If a petitioner files a federal habeas corpus petition while such an appeal is pending, a federal court ordinarily will stay or dismiss the petition without prejudice so that the petitioner may refile once he has exhausted his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2006); *Monegain v. Carlton*, 576 Fed. App'x 598, 602 (7th Cir. 2014). Here, however, none of the claims that Davis has submitted in his habeas corpus petition is awaiting adjudication in the state appellate court. Although Davis filed a petition for post-conviction relief asserting some of the same claims he has submitted to this Court, on appeal from the denial of that petition he has asked the state appellate court to rule only on whether his sentence should be adjusted to credit him for one additional day of time served prior to sentencing. Because the claims in Davis's petition are not pending before any state court, this Court need not wait for the appellate court to render a decision on Davis's post-conviction appeal.

The Court thus turns to whether Davis has, as Lamb argues, procedurally defaulted the claims he presents in his habeas corpus petition. A habeas corpus petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must "invoke one complete round of the State's established appellate review process." *Id.* Davis did not pursue a direct appeal. On appeal of the denial of his post-conviction

4

petition, he did not pursue any of the claims he presents in his habeas corpus petition. The Court therefore concludes that the claims Davis has asserted in his habeas corpus petition are procedurally defaulted.

Davis's handwritten petition is difficult to parse because his handwriting is virtually illegible, but he does appear to seek habeas corpus relief based on a claim of actual innocence. A petitioner can overcome a procedural default if he demonstrates that "failure to consider his claim would result in a fundamental miscarriage of justice (i.e., a claim of actual innocence)." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). The Seventh Circuit has observed that "[t]he actual innocence gateway is narrow." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). "To support a colorable claim of actual innocence the petitioner must come forward with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Gomez v. Jaimet*, 350 F.3d 673 (7th Cir. 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Davis has not submitted any new evidence at all. Thus he cannot invoke the "actual innocence" exception to sidestep his procedural default.

**B.     Certificate of appealability**

When a district court enters a final judgment that dismisses a prisoner's habeas corpus petition, it must issue or deny a certificate of appealability (COA). "[F]ederal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners" in the absence of a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A court should issue a COA if it

determines that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a district court denies a claim on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court's decision that Davis's claims are procedurally defaulted is not fairly debatable. Neither is the Court's decision that Davis has failed to present new evidence sufficient to support an actual innocence claim that may overcome his procedural default. The Court therefore declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, the Court denies Davis's petition for a writ of habeas corpus [dkt. no. 5] and declines to issue a certificate of appealability. The Clerk is directed to enter judgment in favor of respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 28, 2016